**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL S. OWL FEATHER-GORBEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:22-CV-566-L-BH** |
| | ) | |
| **ADMINISTRATOR, F. BOP** | ) | |
| **DESIGNATION CENTER, GRAND** | ) | |
| **PRAIRIE TEXAS,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

The plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)*, received on March 8, 2022 (doc. 5), should be **DENIED**, and this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

## I.   BACKGROUND

Plaintiff Michael S. Owl Feather-Gorbey (Plaintiff), an inmate incarcerated at the Federal Correctional Institution (FCI) Beckley in Beaver, West Virginia, originally filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in Case No. 3:22-CV-545-L-BH challenging his referral to a Bureau of Prisons (BOP) Special Management Unit (SMU) and the "loss of some 236 days good time [and] loss of some other 123 other good time days total 359 days." (doc. 3 at 2.) He sought denial of the BOP's SMU referral or immediate removal from the SMU, expungement of four disciplinary charges, the return of 236 days of good time credit, and the return of 123 days of good time credit from other BOP disciplinary proceedings. (*See id.* at 8.) He also "preserved [his] rights for all compensations [and] damages." (*Id.*) Because his claims challenging the SMU

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

referral did not challenge the fact or duration of his confinement, and were therefore not cognizable in a habeas action, they were construed as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), severed from the habeas action, and opened in this new civil action.[2]  (*See* doc. 6.)

In support of his claims regarding the BOP's SMU referral, he alleges the following:

(1)  Violation of due process, denial of staff assistance to compile documentary evidence [and] witnesses [sic] statements for presentation at SMU referall [sic] hearing 12-16-21;

(2)  Violation of due process, denial of opportunity to present documentary evidence [and] witness statements at SMU referall [sic] hearing 12-16-21;

(3)  Violation of due process, impartiality of F.BOP SMU referal [sic] hearing officer, F BOP central office appeal regional director Ian Conner, F BOP Grand Prairie TX. designation staff [and] related DHO Mrs Leslie [and] Mr. Chambers USP Lewisburg PA;

(4)  Violation of due process, ability to appeal the discipline actions resulting in SMU referall [sic] . . . ; and

(5)  Imminent danger.  Significant hardship [and] excessive punishment.

(doc. 3 at 6-9; *see also* doc. 4 at 1.)

## II.    THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.  Because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is also subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim upon

---

[2] Plaintiff's remaining § 2241 claims were transferred to the Southern District of West Virginia, Beckley Division, and are not otherwise addressed. (*See* doc. 6 at 2-3.)

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Section 1915(g) of the PLRA, known as the "three-strikes" provision, provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Here, Plaintiff is a frequent litigant who has had at least three prior prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Feather-Gorbey v. Warden, FCI Beckley*, Nos. 5:21-cv-00367, 5:21-cv-00387, 5:21-cv-00492, 2022 WL 351674, at *4 (S.D.W. Va. Feb. 4, 2022) (collecting cases); *Feather-Gorbey v. Morris*, No. 5:21-cv-00395, 2021 WL 3131320, at *2 (S.D.W. Va. July 23, 2021) (stating that "[t]here is no doubt that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a claim," and collecting cases).  Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.  To constitute imminent danger, "the threat or prison condition must be real and proximate."  *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) and *Abdul-Akbar v. McKelvie*, 239 F.3d

307, 313 (3d Cir. 2001)); *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808 at *1 (N.D. Tex., Oct. 24, 2008). "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (citations omitted).

Plaintiff alleges that he "is <u>only</u> a D.C. 'state' offender illegally contracted housed [sic] in federal custody per an unconstitutional D.C. State Code 24-101 [and] therefore it is an imminent danger to house [him] with high or maximum level or any violent federal or foreign offenders." (doc. 3 at 9.)  He makes no factual allegations to support his conclusory statement, or that show he is in imminent danger of serious physical injury.  Because he has not made the required showing, he must prepay the filing fee before he may proceed with his case.

### III.    RECOMMENDATION

The plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)*, received on March 8, 2022 (doc. 5), should be **DENIED**, and his case should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g), unless he pays the full $402 filing fee[3] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 11th day of March, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] As of December 1, 2020, a $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO APPEAL/OBJECT**</u>

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE