IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL S. OWL FEATHER-GORBEY,  )<br>          Plaintiff,                                    )<br>                                                        )<br>vs.                                                  )<br>                                                        )<br>ADMINISTRATOR, F. BOP              )<br>DESIGNATION CENTER, GRAND   )<br>PRAIRIE TEXAS,                              )<br>          Defendant.                               ) | <br><br><br>No. 3:22-CV-566-L-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are *Owl Feather-Gorbey's Objections to Magistrate Judges* [sic] *Findings, Conclusions and Recommendation*, received on April 1, 2022 (doc. 10), and *Owl Feather-Gorbey's Objections & Motion to Reconsider Rule 59(e)*, received on April 19, 2022 (doc. 11). Based on the relevant filings and applicable law, the filings should be liberally construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

## I.    BACKGROUND

Plaintiff Michael S. Owl Feather-Gorbey (Plaintiff), an inmate incarcerated at the Federal Correctional Institution (FCI) Beckley in Beaver, West Virginia, originally filed a motion to proceed *in forma pauperis* and a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in Case No. 3:22-CV-545-L-BH on March 9, 2022. (*See* docs. 3, 5.) His petition challenged his referral to a Bureau of Prisons (BOP) Special Management Unit (SMU) and the "loss of some 236 days good time [and] loss of some other 123 other good time days total 359 days." (doc. 3 at 2.) Because his claims challenging the SMU referral did not challenge the fact or duration of his confinement, and were therefore not cognizable in a habeas action, they were construed as arising

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), severed from the habeas action, and opened in this new civil action.[2] (*See* doc. 6.)

On March 11, 2022, it was recommended that Plaintiff's motion to proceed *in forma pauperis* be denied and the case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless Plaintiff timely paid the filing fee. (*See* doc. 7.) The recommendation was accepted, the complaint was dismissed as barred by the "three-strikes" rule of § 1915(g), and judgment was entered on March 31, 2022. (*See* docs. 8, 9.)

In his first filing, dated March 18, 2022, Plaintiff objected "to the legality of Amended Miscellaneous Order No. 6 authorizing magistrate judges in this district to transfer actions by pro se litigants to the alleged proper more appropriate district or division." (doc. 10 at 1.) He also objected to the severance and transfer of his habeas claims, his "loss of good time & SMU designation," and the finding that the imminent danger exception to § 1915(g) did not apply to his case. (*Id.* at 1-2.) The filing was received on April 1, 2022. (*See id.* at 1.)

On April 19, 2022, Plaintiff's second objections and motion to reconsider his prior objections was received. (*See* doc. 11.) He claimed that he had filed timely objections to the March 11 recommendation. (*See id.* at 1.) He also objected to the construction of this action as arising under *Bivens* and argued that it properly arose under § 2241. (*See id.* at 2-3.) He also again argued that the imminent danger exception to § 1915(g) was applicable. (*See id.* at 3-4.)

## II.   NATURE OF FILINGS

According to Plaintiff's first filing, it was signed and placed in the prison mail system prior to the expiration of the March 11 recommendation's objection period and before entry of judgment, so it is a timely pre-judgment objection to the recommendation. *See, e.g.*, *Coleman v. Johnson*,

---

[2] Plaintiff's remaining § 2241 claims were transferred to the Southern District of West Virginia, Beckley Division, where Plaintiff is incarcerated. (*See* doc. 6 at 2-3.)

184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  Because Petitioner's objection was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).  Because Plaintiff's second filing was dated and received within 28 days of the entry of judgment, and specifically references Rule 59(e), it is also properly construed as a Rule 59(e) motion.  *See Williams*, 602 F.3d at 303.

### III.   FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the

"extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff first challenges the jurisdiction of a magistrate judge to transfer a *pro se* action. (*See* doc. 10 at 1.) A district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. § 636(b). Under that express authority, the Northern District of Texas has implemented Rule 2 of Amended Miscellaneous Order No. 6, which authorizes magistrate judges in this district, in actions filed by prisoners, pro se plaintiffs, or parties seeking to proceed *in forma pauperis*, to direct in what manner papers presented to the clerk "will be accepted, if appropriate, for filing or other disposition by the court," and to transfer actions to another district or division as appropriate. Plaintiff's objection is without merit, and he has not shown he is entitled to Rule 59(e) relief on this basis.

Plaintiff also argues that his claims challenging the SMU referral should not have been severed from his claims challenging various prison disciplinary proceedings "because without the discipline actions there is no cause for SMU review." (doc. 11 at 1-2; *see also* doc. 10 at 4.) As noted in the recommendation, his claims challenging the SMU referral did not challenge the fact or duration of his confinement, and as such were not cognizable in a habeas action. (*See* doc. 7 at 1-2.) Plaintiff raises essentially the same allegations and claims challenging his SMU referral and challenging various disciplinary proceedings that have already been considered and addressed, however. His attempts to rehash the same claims from his § 2241 filings do not warrant relief under Rule 59(e). *See Templet*, 367 F.3d at 479.

Plaintiff also argues that the imminent danger exception to § 1915 applies to his case. (*See* doc. 10 at 2-4; doc. 11 at 3-4.) He claims that "it is unconstitutional & a threat to house him with medium, high, or maximum level federal or foreign offenders especially known violent ones generally housed at a SMU." (doc. 10 at 2.) He makes no factual allegations to support his conclusory statement, or that show he is in imminent danger of serious physical injury on this basis. General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).

Plaintiff also alleges that: (1) on August 9, 2021, his neck, arm, elbow, wrist, and hand were seriously injured; (2) on September 10, 2021, medical forms were falsified to deny him medical treatment "for those serious injuries from staff assault while threats continue almost daily, & staffs Conner & Manning repeatedly boast their aranging [sic] future assaults or death on [Plaintiff] at the SMU"; (3) in December 2021, various individuals signed "falsifying info (to) unjustly get [Plaintiff] to a SMU." (*See id.* at 3.) He does not make any specific allegation of imminent danger at the time he commenced this action in March 2022, however. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) ("a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP."); *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) ("Allegations of past harm do not suffice-the harm must be imminent or occurring at the time the complaint is filed."). Further, to the extent he claims courts, judges, and prison staff are "colluding to arange [sic] assaults or death," he has failed to state any factual allegations supporting his conclusory claim of collusion. (doc. 10 at 3; *see also* doc. 11 at 3-4.)

Although Plaintiff attempts to assert new factual allegations to show imminent danger in

his filings, they fail to satisfy the imminent danger exception to § 1915(g). Because he has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

## IV. RECOMMENDATION

*Owl Feather-Gorbey's Objections to Magistrate Judges* [sic] *Findings, Conclusions and Recommendation*, received on April 1, 2022 (doc. 10), and *Owl Feather-Gorbey's Objections & Motion to Reconsider Rule 59(e)*, received on April 19, 2022 (doc. 11), should be liberally construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 25th day of April, 2022.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE