IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL S. OWL FEATHER-GORBEY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:22-CV-566-L-BH** |
| **ADMINISTRATOR, F. BOP DESIGNATION CENTER, GRAND PRAIRIE TEXAS,** | § § § § § | |
| Defendant. | § § | |

# **ORDER**

After the court dismissed this action as barred by the "three strikes" rule under 28 U.S.C. § 1915(g), it received Plaintiff's Objections to Magistrate Judge['] Findings, Conclusions and Recommendation (Doc. 10) on April 1, 2022; and Plaintiff's Objections & Motion to Reconsider [Under] Rule 59(e) (Doc. 11) on April 19, 2022. The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 12) was entered on April 25, 2022, as to both filings. Although not received until after entry of judgment, the Report recommends treating Plaintiff's Objections (Doc. 10) as timely filed under the prison mailbox rule; construing both filings as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e); and denying both motions.

On May 24, 2022, Plaintiff's objections to the Report were docketed (Doc. 13). Plaintiff asserts seven objections in which he contends that: (1) the magistrate judge lacks authority to consider his filings; (2) the magistrate judge improperly applied Rule 59 to his previous objections that were timely filed; (3) the magistrate improperly denied his objection to "converting my Habeas Corpus to a Bivens" because his "issues are Habeas issues and not proper under Bivens";

(4) "imminent danger does apply" because he is a "non-violent D.C. state prisoner illegally housed in federal custody under unconstitutional D.C. State Code 24-101"; and (5) contrary to the magistrate judge's determination, his "assault issues are [not] past issues" for purposes of § 1915(g), as he has clearly argued "continuing threats & patterns of misconduct by the FBOP and Fed Courts" that place him "at risk of further physical assaults or death."

The court agrees with the magistrate judge that Plaintiff's Objections (Doc. 10) were timely filed on March 18, 2022. Notwithstanding Plaintiff's objections, the court also agrees that both filings should be treated and construed as Rule 59(e) motions, as both were received after entry of judgment in this case. *See Alexander v. Milligan*, 201 F. App'x 228, 230 (5th Cir. 2006) ("Alexander is correct that the district court erred in finding that he did not timely file objections to the magistrate judge's report. Moreover, because the objections were filed within 10 days of the final judgment, the objections should have been construed by the district court as a Fed. R. Civ. P. 59(e) motion.") (citing *United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990)) (other citations omitted). Regardless of whether the filings are construed as timely objections and subjected to a de novo review or as requests to alter or amend the judgment under Rule 59(e) motion, the result would be the same for the reasons stated in the Report.

Plaintiff's other objections are similarly without merit. In addition, the court notes that this is not the first time a case by Plaintiff was found to be barred by section 1915(g)'s "three strikes" rule. *See, e.g., Feather-Gorbey v. Administrator Fed. Bureau of Prisons Grand Prairie*, 841 F. App'x 724, 724-25 (5th Cir. March 30, 2021) (affirming dismissal of Case No. 3:17-CV-26-L-BN, and warning: "The dismissal of this appeal counts as a strike under § 1915(g). . . . Gorbey is CAUTIONED that he remains barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is further CAUTIONED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. To avoid sanctions, Feather-Gorbey should review any pending

Order – Page 2

appeals and actions he may have pending and move to dismiss any frivolous ones.") (citation omitted); *Feather-Gorbey v. NFN NLN*, 856 F. App'x 526, 527 (5th Cir. Aug. 17, 2021) (affirming dismissal of Case No. 3:20-CV-1311-N-BN for the same reason and ordering him to pay a monetary sanction of $100 for his failure to heed prior warning to review all pending cases and voluntarily dismiss any that were frivolous, repetitive, or abusive).

Accordingly, having carefully considered the pleadings, file, record in this case, and Report, and having conducted a de novo review to that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **construes** Plaintiff's post-judgment filings (Docs. 10, 11) as motions for relief under Rule 59(e) to alter or amend the judgment, **denies** the motions (Doc. 10, 11), and **overrules** his objections (Doc. 13).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 26th day of May, 2022.

Sam A. Lindsay
United States District Judge

Order – Page 3