IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL S. OWL FEATHER-GORBEY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:22-CV-566-L-BH** |
| **ADMINISTRATOR, F. BOP DESIGNATION CENTER, GRAND PRAIRIE TEXAS,** | § § § § | |
| Defendant. | § § | |

## <u>ORDER</u>

Before the court are Plaintiff's Motions to Reconsider (Docs. 15, 21), filed July 15, 2022, and May 2, 2023; and the Findings, Conclusions and Recommendations of the United States Magistrate Judge (Docs. 16, 24) that were entered on July 20, 2021, and May 11, 2023, and recommend that the Motions to Reconsider be construed as requests for relief under Federal Rule of Civil Procedure 60(b) and denied.  For the reasons that follow, the court **accepts** the magistrate judge's findings and conclusions and **denies** Plaintiff's Motions to Reconsider (Docs. 15, 21).

## I.      Factual and Procedural History

Plaintiff Michael S. Owl Feather-Gorbey ("Plaintiff") originally filed a habeas petition under 28 U.S.C. § 2241 and a motion to proceed *in forma pauperis* in Case No. 3:22-CV-545-L-BH on March 9, 2022. His petition challenged his referral to a Bureau of Prisons ("BOP") Special Management Unit ("SMU") and the "loss of some 236 days good time [and] loss of some other 123 other good time days total 359 days." Doc. 3 at 2.  Because his claims concerning the SMU referral did not challenge the fact or duration of his confinement, they were not cognizable in a habeas action. The magistrate judge, therefore, construed these claims as arising under *Bivens v.*

*Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), severed them from Plaintiff's habeas action, and opened this new civil action to address them. *See* Doc. 6. On March 11, 2022, the magistrate judge recommended that Plaintiff's motion to proceed *in forma pauperis* be denied, and that this case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless he timely paid the filing fee. *See* Doc. 7.

### A.      Plaintiff's Objections and First Motion to Reconsider

After the court accepted this recommendation and dismissed this action on March 31, 2022, as barred by the "three strikes" rule under 28 U.S.C. § 1915(g), it received Plaintiff's Objections to Magistrate Judge['s] Findings, Conclusions and Recommendation (Doc. 10) on April 1, 2022; and Plaintiff's Objections & Motion to Reconsider [Under] Rule 59(e) (Doc. 11) on April 19, 2022. On April 25, 2022, the magistrate judge entered her Findings, Conclusions and Recommendation (Doc. 12) as to both filings, recommending that the court treat Plaintiff's Objections (Doc. 10) as timely filed under the prison mailbox rule; construe both filings as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e); and deny both motions.

Plaintiff's objections (Doc. 13) to this recommendation were docketed on May 24, 2022. Plaintiff contended that: (1) the magistrate judge lacked authority to consider his filings; (2) the magistrate judge improperly applied Rule 59 to his previous objections that were timely filed; (3) the magistrate improperly denied his objection to "converting my Habeas Corpus to a Bivens" because his "issues are Habeas issues and not proper under Bivens"; (4) "imminent danger does apply" because he is a "non-violent D.C. state prisoner illegally housed in federal custody under unconstitutional D.C. State Code 24-101"; and (5) contrary to the magistrate judge's determination, his "assault issues are [not] past issues" for purposes of § 1915(g), as he has clearly

argued "continuing threats & patterns of misconduct by the FBOP and Fed Courts" that place him "at risk of further physical assaults or death."  Doc. 13.

The court agreed with the magistrate judge that Plaintiff's Objections (Doc. 10) were timely filed on March 18, 2022.  Doc. 14.  The court also agreed that both filings should be treated and construed as Rule 59(e) motions, as both were received after entry of judgment in this case. *Id.*  For support, the court cited *Alexander v. Milligan*, in which the Fifth Circuit concluded:

> Alexander is correct that the district court erred in finding that he did not timely file objections to the magistrate judge's report.  Moreover, because the objections were filed within 10 days of the final judgment, the objections should have been construed by the district court as a Fed. R. Civ. P. 59(e) motion.

201 F. App'x 228, 230 (5th Cir. 2006) (citing *United States v. Gallardo*, 915 F.2d 149, 150 n.2 (5th Cir. 1990)) (other citations omitted). The court further reasoned that, "[r]egardless of whether the filings are construed as timely objections and subjected to a de novo review or as requests to alter or amend the judgment under Rule 59(e) motion, the result would be the same for the reasons stated in the [magistrate judge's] Report [Doc. 12]."  Doc. 14.

Regarding Plaintiff's other objections, the court concluded that they were "similarly without merit.  *Id.*  In addition, the court noted that this was not the first time a case by Plaintiff was found to be barred by section 1915(g)'s "three strikes" rule.  *Id.* (citing *Feather-Gorbey v. Administrator Fed. Bureau of Prisons Grand Prairie*, 841 F. App'x 724, 724-25 (5th Cir. March 30, 2021); and *Feather-Gorbey v. NFN NLN*, 856 F. App'x 526, 527 (5th Cir. Aug. 17, 2021)). The court, therefore, denied Plaintiff's post-judgment filings (Docs. 10, 11), which it construed as motions for relief under Rule 59(e); overruled his objections (Doc. 13); and prospectively denied a certificate of appealability.

### B.      Plaintiff's Second Motion to Reconsider

Plaintiff then filed his second motion for reconsideration, which was docketed on July 15, 2022 (Doc. 15).  On July 20, 2022, the magistrate judge entered Findings, Conclusions and Recommendation (Doc. 16), recommending that the court construe Plaintiff's second motion for reconsideration as one arising under Federal Rule of Civil Procedure 60(b) because it was filed more than two months after entry of judgment. The magistrate judge recommends that this motion be denied, as it does not invoke any of the reasons for relief recognized under Rule 60(b).

In this regard, the magistrate judge explains that Plaintiff again challenges the severance and treatment of his claims regarding the SMU proceedings as a civil rights or *Bivens* action, contending that those proceedings are merely extensions of the various prison disciplinary proceedings that resulted in his loss of good time credit.  Doc. 16 at 4.  As the magistrate judge correctly, determined, however:

> As noted in the initial recommendation, his claims challenging the SMU referral do not challenge the fact or duration of his confinement and are therefore not cognizable in a habeas action. (*See* doc. 7 at 1-2.) His allegations and claims regarding his SMU referral and challenging various disciplinary proceedings that have already been considered and addressed.

Accordingly, this argument by Plaintiff is without merit.

In addition, Plaintiff points to inmate altercations and related events that occurred in June 2022 in an apparent effort to show that he is in imminent danger of serious physical injury.  Such allegations are insufficient to support application of the imminent danger exception under § 1915 because, as the magistrate judge correctly notes, "a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger ***at the time*** that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP."  Doc. 16 (citing *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (emphasis added)).  For the same

reason, the magistrate judge determined, and the court agrees, that Plaintiff's allegations regarding new altercations is insufficient to establish exceptional circumstances warranting relief under Rule 60(b).

Plaintiff filed objections to this recommendation, which were docketed on August 9, 2022 (Doc. 19).  He contends that reconsideration is proper because of alleged defects in the integrity of the original federal habeas proceedings that require further review and relief.  In particular, he contends that the defect in converting his habeas action to a *Bivens* action seriously prejudiced him because he was not given the opportunity to amend under Federal Rule of Civil Procedure 15(a)(2) before his case or claims were summarily dismissed for failure to qualify for relief. He further asserts that the magistrate judge's recommendation seeks to deny him leave to expand and supplement the record with facts based on subsequent events that he contends relate back to his original Complaint. According to Plaintiff, these new events qualify as exceptional circumstances entitling him to relief under Rule 60(b).

Plaintiff also asserts that BOP staff have been retaliating against him for filing lawsuits and misconduct complaints by denying him any staff assistance at an SMU hearing to compile evidence and witnesses.  Additionally, he contends that BOP staff falsified information in his SMU referral papers to designate him to the SMU, which he asserts is the BOP's most violent facility. Many of these objections to the magistrate judge's recommended denial of his second motion for reconsideration are substantially similar to those asserted by Plaintiff in response to the magistrate judge's recommended denial of his first motion for reconsideration.

Before the court was able to rule on Plaintiff's second motion for reconsideration and objections to the related findings and conclusions by the magistrate judge, he filed a conditional notice of appeal on August 16, 2022, in which he indicated that he sought to appeal if the

undersigned denied his second motion for reconsideration and request to proceed under § 1915(g). Because this second motion for reconsideration, Plaintiff's objections, and the magistrate judge's recommendation regarding the motion were pending, the appeal was deemed to be premature and dismissed by the Fifth Circuit on March 31, 2023, for lack of jurisdiction. The Fifth Circuit's mandate followed on May 10, 2023.

### C.    Plaintiff's Third Motion to Reconsider

Plaintiff's third motion for reconsideration was docketed on May 2, 2023 (Doc. 21).  In this motion, he: (1) seeks reconsideration of the order denying him leave to proceed i*n forma pauperis* and relief under § 1915(g) based on new facts and evidence; (2) requests the court to reopen his case to allow him to expand the record by supplementing his pleadings with facts supporting imminent danger; (3) requests a hearing on the merits; and (4) requests appointment of "co-counsel to assist [him]."  Mot. 1 (Doc. 21).

The magistrate judge denied Plaintiff's request for postjudgment appointment of counsel for the reasons discussed in her August 19, 2022 order (Doc. 20).  The magistrate judge also recommended that Plaintiff's third motion for reconsideration, which was filed approximately one year after entry of judgment in this action, be construed as a Rule 60(b) motion and denied for essentially the same reasons that his second motion for reconsideration should be denied—because Plaintiff has failed to establish any of the grounds justifying relief under Rule 60(b).

The magistrate judge determined that, while Plaintiff again disputes his SMU referral and challenges the finding that he has failed to satisfy the imminent danger exception to § 1915(g)'s "three-strikes" rule, none of the events at his current or prior facility that are alleged to have occurred in June, July, August, and September 2022, and March 2023 are alleged to have occurred *at the time* he filed this action challenging his SMU referral in March 2022.  Because these events

do not relate to any danger existing at the time of his initial filing in which he complained about due process violations during his disciplinary proceedings that allegedly resulted in a SMU referral, the magistrate judge determined that the imminent danger exception does not apply, and Plaintiff has not demonstrated exceptional circumstances to obtain relief under Rule 60(b). The court agrees. No objections to this recommendation or the magistrate judge's order denying Plaintiff's request for appointment of counsel or co-counsel were filed, and the deadline for doing so has expired.

## II.   Discussion

### A. Applicable Legal Standards

Federal Rule of Civil Procedure 72(b) provides that the "district court must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Fifth Circuit has similarly held that "a district court must make a de novo review whenever a party objects to the magistrate judge's recommendation of dismissal." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 & n.72 (5th Cir. 1994) (citing *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991); and *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). Thus, to the extent that Plaintiff objected to any portion of the magistrate judge's Findings, Conclusions, and Recommendations, the court will resolve those objections based on a de novo standard of review.

Rule 60(b)(1) allows a court to relieve a party from a judgment or order based on the party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. United States Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). With regard to "mistake, inadvertence, . . .

or excusable neglect," "'[i]gnorance of the rules is not enough, nor is ignorance of the law.'" *Id.* at 287 (citation omitted).   Rule 60 applies to Plaintiff's second and third motions for reconsideration.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The liberal standard for leave to amend a complaint under Rule 15(a), however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).   In *Schiller*, the Fifth Circuit explained:

> In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.

*Id.* at 566 (citation omitted).

### B.  Application of Law to Facts

Except for the new event(s) alleged in his second motion for reconsideration, Plaintiff's objections with respect to his second motion are essentially the same as those rejected by the court regarding his first motion for reconsideration and objections. The magistrate judge correctly determined that Plaintiff's claims, as pleaded, concerning the SMU referral are not cognizable in a habeas action because they do not challenge the fact or duration of his confinement.   The magistrate judge was, therefore, correct to construe these claims as arising under *Bivens* and sever them from Plaintiff's habeas action.   Plaintiff's contentions to the contrary are not supported by law or fact.

Further, as noted, the events and altercations that allegedly occurred after he filed his Complaint cannot satisfy the imminent danger exception under § 1915.  Even assuming as Plaintiff contends that these events establish that he was in imminent danger at one time or another, by Plaintiff's admission, these events did not occur ***at the time*** he filed his Complaint in this court. *Banos*, 144 F.3d 884-85 (emphasis added).  Plaintiff takes issue with this legal requirement, but Rule 60(b) is not an appropriate vehicle for changing well-established *Bivens* law; nor has Plaintiff made a sufficient showing of "unusual or unique circumstances" justifying relief under Rule 60 based on exceptional circumstances.  *Pryor*, 769 F.2d at 286.

Plaintiff also contends in connection with his objections to the recommended denial of his second motion for reconsideration that the magistrate judge erred in not allowing him to amend his pleadings.  Plaintiff, however, did not previously request to amend his pleadings, and no prior filings by him, even if liberally construed, sought to amend his pleadings.  Thus, the magistrate judge and undersigned could not have previously erred in this regard.  Regardless, a "district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint." *United States v. Riascos*, 76 F.3d 93, 94, 1996 WL 61345 (5th Cir. 1996).

Although a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend is not automatic and can be denied when justified.  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006). The district court need not give reasons when the reason justifying the denial is apparent and the record reflects "ample and obvious grounds" for doing so. *See id*. (internal quotations omitted) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)). The court **denies** Plaintiff's request to amend his pleadings and supplement the record with the additional factual allegations in his motions for

reconsideration, as doing so would be futile for the reasons explained in this order and the various reports entered by the magistrate judge.  This is so because, even if allowed to amend, Plaintiff would still not be able to establish the imminent danger exception under § 1915.  For similar reasons, the court also disagrees that Plaintiff's allegations regarding new events and altercations relate back to his original claims under Rule 15(c) because these events do not relate to any danger existing at the time of his initial filing in which he complained about due process violations during his disciplinary proceedings that allegedly resulted in the SMU referral.

### C.  Plaintiff's Prior Objection Regarding Applicable Standard

Finally, while Plaintiff did not reurge his original objection that the magistrate judge erred in applying the standard applicable to Rule 59 motions to his timely filed objections, the court believes that this issue requires further clarification. There is no dispute that Plaintiff's objections (Doc. 10) were timely filed under the mailbox rule,[1] even though they were not received by the court until after the entry of judgment. The magistrate judge, nevertheless, determined that, because Plaintiff's objections were received within 28 days after the entry of judgment, they should be "liberally construed" as a Rule 59(e) motion.  Doc. 12 at 3.

For support that Rule 59(e) applies to Plaintiff's objections, the magistrate judge referenced the following authority:

> *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06[-]cv[-]228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should

---

[1] Under the prison mailbox rule, "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Thompson v. Raspberry*, 993 F.2d 513, 514 (5th Cir. 1993).

be construed as a Rule 60 motion for relief from judgment)). Because Plaintiff's second filing was dated and received within 28 days of the entry of judgment, and specifically references Rule 59(e), it is also properly construed as a Rule 59(e) motion. *See Williams*, 602 F.3d at 303.

Doc. 12 at 3.

In revisiting this issue, the court determines that these cases are distinguishable, or they are not binding on the court.  *Williams v. Thaler* involved a Rule 59(e) motion, not timely filed objections to a magistrate judge's recommendation.  *See Williams*, 602 F.3d at 295.   In this case, Plaintiff filed a Rule 59(e) motion (Doc. 11), but this motion was separate from his objections that were received by the court approximately eighteen days earlier.

*Rogers v. McKee* is likewise distinguishable from the present case because the objections in that case were filed or presumed to have been filed after expiration of the deadline for filing objections under Rule 72(b).  Specifically, in *Rogers*, the petitioner's objections were received by the district court on April 18, April 28, and June 26, 2006, more than 30 days after the magistrate judge's report and recommendation to dismiss a habeas petition was filed on March 2, 2006. Without discussing when the objections were filed, the district court in *Rogers* construed the objections as a Rule 60 motion for relief from the judgment based on the Fifth Circuit's reasoning in *Bagley v. Board of Directors-Farmers National Bank*, which concluded that: (1) "objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment"; and (2) Rogers' objections, which were received after dismissal of the habeas petition, *were not timely filed*.  *Rogers*, 2007 WL 2900545, at *2-3.

In *Bagley*, the prisoner's objections were construed as a Rule 60 motion, but this case did not involve objections to a magistrate judge's report under Rule 72(b). It involved: (1) a prisoner's objections to the district court's order of dismissal that were "filed" "almost one month after" entry of judgment; and (2) the issue of whether the objections or Rule 60 motion suspended the time to

appeal from the judgment.  Bagley, 2001 WL 1747886, at *1.  Moreover, the objections were treated as a Rule 60 motion because they were "filed" after entry of the judgment, not because they were received after entry of the judgment.  *Id.*

Upon closer inspection, the Fifth Circuit's opinion in *Alexander v. Milligan* previously relied on by the undersigned also appears to be factually distinguishable.  *See* Doc. 14 at 2. Although *Alexander* concluded that the plaintiff, a prisoner, was "correct that the district court erred in finding that he did not timely file objections to the magistrate judge's report," the docket sheet in underlying civil Case No. 6:05-CV-203-MHS-JKG reflects that the magistrate judge's report was filed on September 20, 2005; the final judgment was entered on October 25, 2005; the plaintiff's objections to the report were filed on October 24, 2005, the date they were put into the prison mail; and the plaintiff's objections were received by the district court and docketed on October 27, 2005.

In 2005, objections under Rule 72(b) were required to be filed within ten days after service of the magistrate judge's findings and recommendations.  Three additional days were added to this 10-day deadline under Federal Rule of Civil Procedure 3(d).  As a result, the deadline for the plaintiff in *Alexander* to file his objections to the magistrate judge's report was October 3, 2005, thirteen days after the report was entered.  As noted, however, his objections were not filed under the mailbox rule until October 24, 2005, thirty-four days after issuance of the magistrate judge' report.  It, therefore, appears that the plaintiff's objections in *Alexander* were not timely filed, and, if so, it makes sense that the objections were addressed under Rule 59(e)'s standard rather than the de novo standard of review applicable to objections under Rule 72(b).  Regardless, this unreported case and the unreported cases cited in the magistrate judge's report have no precedential value. Additionally, one Fifth Circuit panel cannot overrule another without an intervening change in the

law,[2] and, in the event of a conflict, the earlier case controls.[3] Moreover, the court does not find that the Fifth Circuit intended to overrule the well-established rule that timely filed objections are reviewed de novo under Rule 72(b).

Like the present case, *Kreimerman v. Casa Veerkamp, S.A. de C.V.* cited above by the court involved timely filed written objections to the magistrate judge's report and recommended dismissal that were not received until after the district court accepted the recommendation and dismissed the case. 22 F.3d at 637. The Fifth Circuit in *Kreimerman* ultimately found no reversible error because of the absence of prejudice, and it was unclear whether the district court failed to engage in a "proper de novo review" as contended by the plaintiffs. *Id.* at 646-67. In any event, this case makes clear that, even if written objections to a magistrate judge's recommended dismissal are not received by the district court until after dismissal of an action or entry of judgment, they must be reviewed de novo if they were filed timely before expiration of the deadline to object under Rule 72(b).

For the court to conclude that a different standard applies in this case would obviate the need for applying the mailbox rule and determining whether objections were timely filed. Accordingly, the court determines that Plaintiff was correct that his timely filed objections were subject to a de novo review standard and should not have been construed as a Rule 59(e) motion. The court, therefore, **vacates in part** its prior order (Doc. 14 at 2) to the extent it concluded otherwise in the second full paragraph on this page. This, however, does not change the conclusion previously reached by the court because, as it explained, regardless of whether Plaintiff's filings are construed as timely objections and subjected to a de novo review or as requests to alter or

---

[2] *See United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003).

[3] *See Texaco Inc. v. La. Land & Expl. Co.*, 995 F.2d 43, 44 (5th Cir. 1993).

amend the judgment under Rule 59(e), the result would be the same for the reasons stated in the magistrate judge's report.  Doc. 14 at 2.

## III.   Conclusion

Having carefully considered Plaintiff's second and third Motions to Reconsider, the pleadings, file, record in this case, and the magistrate judge's Findings, Conclusions, and Recommendations, and having conducted a de novo review of that portion of the magistrate judge's Findings, Conclusions, and Recommendations to which Plaintiff objected, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **construes** Plaintiff's Motions to Reconsider (Docs. 15, 21) as motions for relief under Rule 60(b); **denies** the motions (Doc. 15, 21); and **overrules** his objections (Doc. 17) made in connection with his second Motion to Reconsider.  For the reasons stated, the court also **denies** the request by Plaintiff in his objections to amend his pleadings under Rule 15(a)(2).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **accepts and incorporates** by reference the magistrate judge's reports (Docs. 12, 16, 24). *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the magistrate judge's reports, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 2nd day of August, 2023.

Sam A. Lindsay
United States District Judge